Lewis (Examiner's Name) on the invoices covered by the above-entitled protest, assessed with duty at 35% ad valorem under Paragraph 775 of the Tariff Act of 1930, consist of vegetables prepared or preserved and not specially provided for and not pickled or packed in salt or brine.

IT IS FURTHER STIPULATED AND AGREED that the above-entitled protest be submitted on this stipulation, protest being limited to the items marked A as aforesaid.

Plaintiff waives the right to first docket call and further amendment of this protest.

Paragraph 775 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, contains the following:

Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or packed in oil, or prepared or preserved in any other way (except if pickled or packed in salt or brine) and not specially provided for_____ 17½% ad val.

Said provision went into effect on May 22, 1948, pursuant to the President's proclamation of May 4, 1948, T. D. 51909.

Since the merchandise herein was imported during the effective period of T. D. 51909, and in view of the above stipulation, we hold that the merchandise represented by the items marked with the letter "A" on the invoice and with the initials of the examiner is dutiable at 17½ per centum ad valorem under paragraph 775 of the Tariff Act of 1930, as modified by T. D. 51802 and T. D. 51909.

The protest is sustained and judgment will be rendered accordingly.

**No. 55732.**—Raphael H. Elmaleh et al. *v.* United States, protests 147949–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested not found were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protests were sustained to this extent.

**No. 55733.**—McKesson & Robbins, Inc. *v.* United States, protest 166781–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as not landed not found. The protest was sustained to this extent.

**No. 55734.**—Canada Dry Ginger Ale, Inc., et al. *v.* United States, protests 167940–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested not found were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protests were sustained to this extent.

**No. 55735.**—Taiyo Trading Co., Inc. *v.* United States, protest 478266–G/79178 (Chicago).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

**No. 55736.**—William D. McGill *v.* United States, protests 136041–K, etc. (Philadelphia).

Opinion by JOHNSON, J. From an examination of the papers in each case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protests were therefore overruled.

**No. 55737.**—Air Express International, Inc. *v.* United States, protest 150038–K (Los Angeles).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

**No. 55738.**—E. A. Shaw & Co., Inc. *v.* United States, protests 164511–K, etc. (Charleston, S. C.).

Opinion by JOHNSON, J. From an examination of the papers in each case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protests were therefore overruled.

**No. 55739.**—H. R. Lockwood *v.* United States, protests 149129–K, etc. (Laredo).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

JUNE 26, 1951

**No. 55740.**—James H. Rhodes & Co. *v.* United States, protest 152862–K.— Motion of Government for rehearing denied.